**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ERKAN KANPOLAT,<br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, *et al*.,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: | Civil No.: 2:26-cv-05846 |

## ORDER

**AND NOW**, this 18th day of August, 2026, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 1), and the Government's Response in Opposition to Petition for Writ of Habeas Corpus (ECF No. 4), **IT IS HEREBY ORDERED** that the Petition (ECF No. 1) is **GRANTED**[1] as follows:

[1] Mr. Kanpolat ("Petitioner") is a citizen of Turkey and has resided in the United States since he entered in March 2023. *See* Pet. for Habeas Corpus ¶ 1, 19. After entering the United States, Petitioner was apprehended by immigration authorities and briefly detained by U.S. Immigration and Customs Enforcement ("ICE"). *Id.* at ¶ 2. Petitioner currently has a valid work permit through May 12, 2029. *Id.* at ¶ 20. On August 11, 2026, Petitioner was apprehended by ICE officers when he appeared for his scheduled ICE check-in appointment and was subsequently taken into custody. *Id.* at ¶ 4, 21.

Petitioner maintains that his detention is unlawful. The Government counters and argues that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2) and that Petitioner's detention does not offend due process. *See* Government's Response to Pet. for Habeas Corpus at 2. The overwhelming majority of federal courts, including this Court, have rejected these arguments. *See e.g., Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025).

The Government further asserts that Petitioner is "seeking admission" and is thus covered by § 1225(b)(2). Under *Wisconsin Central. Ltd. v. United States*, 585 U.S. 274, 277 (2018), statutory terms must be interpreted according to their ordinary meaning at the time of enactment. The terms of § 1225(b)(2) support limiting the provision to noncitizens just arriving to the United States or those that have recently arrived. *Ndiaye v. Jamison*, 2025 WL 3229307, at *5 (E.D. Pa. Nov. 19, 2025). As Judge Sánchez explained, "seeking admission" is an "affirmative, present-tense" phrase that implies affirmative conduct by a noncitizen. *Id.* This interpretation is incompatible with applying the term to

1. Mr. Kanpolat is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2. The Government shall **RELEASE** Mr. Kanpolat from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on August 19, 2026;

3. If the Government chooses to pursue re-detention of Mr. Kanpolat pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

4. The Clerk of Court is **DIRECTED** to **CLOSE** this case.[2]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

all noncitizens already living in the United States. *See id. See also Kashranov v. Jamison*, 2025 WL 3188399, at *1 (E.D. Pa. Nov. 14, 2025).

The Government relies on *Buenrostro-Mendez v. Bondi*, F.4th, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026), where the majority equated "applicant for admission" with "seeking admission" and adopted the Government's reading of § 1225(b)(2). This Court declines to follow that reasoning. Instead, it aligns with the extensive body of decisions nationwide and with Judge Douglas' dissent in *Buenrostro-Mendez*, which criticized the majority for distorting the statutory text, ignoring context and history, and disregarding the Supreme Court's understanding of the statutory scheme. *Ndiaye*, 2025 WL 3229307, at *4-8; *Singh v. Baltazar*, 2026 WL 352870, at *4-6 (D. Colo. Feb. 9, 2026); *Castañon-Nava*, 161 F.4th at 1062; *Buenrostro-Mendez*, 2026 WL 323330, at *10-18 (Douglas, J., dissenting).

The Court concludes that Mr. Kanpolat's mandatory detention without the opportunity for a bail hearing is unlawful. Accordingly, the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**.

[2] The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.